**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JIMMY JOHVAR PEREZ-PEREZ, | No. 10-73306 |
| Petitioner, | Agency No. A099-648-589 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2012[**]
San Francisco, California

Before: D.W. NELSON, TASHIMA, and MURGUIA, Circuit Judges.

Petitioner Jimmy Johvar Perez-Perez is a native and citizen of El Salvador.

He entered the United States at or near Laredo, Texas, on March 16, 2006. Perez-

Perez conceded removability as an alien present in the United States who had

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

neither been admitted nor paroled, *see* 8 U.S.C. § 1182(a)(6)(A)(i), but filed

applications for asylum, withholding of removal, and for relief under the

Convention Against Torture ("CAT"). The IJ denied Perez-Perez's applications,

and the BIA affirmed. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1) and

deny Perez-Perez's petition for review.

Perez-Perez claims he was eligible for asylum because his religion,

Evangelical Christianity, was a "central reason" he was or would be persecuted by

gangs in El Salvador. *See Zetino v. Holder*, 622 F.3d 1007, 1015 (9th Cir. 2010)

(citing 8 U.S.C. § 1158(b)(1)(B)(i)). He testified that he encountered members of

Mara Savatrucha ("MS"), a Salvadoran gang, several times: two nights in a row

outside a church (December 2003), once while out walking his dog at night (March

2004), and once at a bus stop (October 2004). Perez-Perez also testified that MS

bothers everybody, not just, or even primarily, Evangelical Christians, and that

MS's main motivations for harassing others are recruiting new members and

obtaining financing.

This evidence does not compel the conclusion that a central reason MS

persecuted Perez-Perez was on account of his religion, *see Gu v. Gonzales*, 454

F.3d 1014, 1018 (9th Cir. 2006), so we affirm the BIA's reasonable conclusion that

Perez-Perez was merely the victim of spontaneous, gang-related activity and,

2

therefore, not eligible for asylum. *See Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir. 1997) (stating persecution cannot be inferred from random acts); *Zetino*, 622 F.3d at 1016 (stating an "alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). And because he failed to demonstrate eligibility for asylum, Perez-Perez necessarily failed to satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Nor does the record compel the conclusion that it is "more likely than not" that Perez-Perez would be tortured upon his removal to El Salvador, s*ee Ahmed v. Keisler*, 504 F.3d 1183, 1200 (9th Cir. 2007), and that this torture—severe pain or suffering inflicted for discriminatory purposes—would be inflicted "'by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity,'" *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1059 (9th Cir. 2006) (quoting 8 C.F.R. § 208.18(a)(1)).

Perez-Perez never told the Salvadoran authorities about his encounters with MS and offered no evidence that the Salvadoran government was ever willfully blind to his past suffering. *Edu v. Holder*, 624 F.3d 1137, 1145 (9th Cir. 2010) (stating evidence of past torture is normally the "principal factor" in determining

whether an alien is CAT eligible). Moreover, the documents Perez-Perez submitted regarding potential future torture do not compel the conclusion that the Salvadoran government would turn a blind eye to torture: several of these documents describe governmental efforts to curb gang violence.[1]

Perez-Perez's petition for review is **DENIED**.[2]

---

[1] Perez-Perez's contention that IJ and BIA erred by failing to consider all his documentary evidence is meritless: the IJ's oral decision described this evidence at length, and the BIA's decision referred to Perez-Perez's evidence on corruption in the Salvadoran government. Thus, there is no indication—such as a misstatement of the record or a failure to mention probative evidence—that either the IJ or BIA ignored relevant evidence before it. *See Cole v. Holder*, 659 F.3d 762, 771-72 (9th Cir. 2011).

[2] Christopher J. Stender's motion to withdraw as counsel for the petitioner is granted.

4